United States District Court
Southern District of Texas
**ENTERED**
August 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-3493 |
| CHEMICALS, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

The parties cross-move for summary judgment on whether Crum & Forster Specialty Company owes a duty to defend under the commercial general-liability insurance policies it issued to Chemicals, Inc., for underlying lawsuits alleging personal injuries from chemical exposures. Based on the pleadings, record, and applicable law, the court finds a potential for coverage that triggers the duty to defend. Crum & Forster's motion, (Docket Entry No. 10), is denied, and Chemicals' motion, (Docket Entry No. 12), is granted.

**I.  Background**

Several hundred personal-injury lawsuits are consolidated in *In re Aqueous Film-Forming Forms Products Liability Litigation MDL,* Civil Action No. 2:18–mm–2873-RMG, pending in the U.S. District Court for the District of South Carolina. The complaints allege that the injuries from exposures to toxic substances in aqueous film-forming foams (AFFF) designed, manufactured, and marketed by several defendants, including Chemicals. The complaints allege that the exposures occurred during the plaintiffs' employment as military or civilian firefighters. The complaints do not allege dates when the plaintiffs were exposed or when they first manifested symptoms. (Docket Entry No. 12 at 9-10; Docket Entry No. 10-2).

The insurance policies Crum & Forster issued to Chemicals cover bodily injury if the cause of injury is covered and the injury occurs during the policy period. The primary policies include the following language:

> *********
> (4) That "bodily injury or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
> (5) That "bodily injury" or "property damage" first occurs during the "policy period. . ."

(Docket Entry No. 10 at 3). This coverage is also subject to Section III, an Additional Condition that addresses "Continuous or Progressive Damage or Injury":

> If the date cannot be determined upon which such "bodily injury" . . . first occurred[,] . . . then, . . . such "bodily injury". . . will be deemed to have occurred or existed, . . . before the "policy period".

*Id.*

The personal-injury complaints allege that Chemicals was negligent in exposing the plaintiffs to AFFF and that these occurrences caused bodily injury. The complaints do not allege dates of exposure or injury. The issue is whether the Additional Condition to coverage is met and Crum & Forster's duty to defend Chemicals is triggered.

Crum & Forster argues that because the personal-injury complaints in the underlying multidistrict litigation do not allege specific dates of manufacture, sale, exposure, or first manifestations of illness, the "dates of loss cannot be determined," and it has no duty to defend Chemicals in the lawsuits. (Docket Entry No. 10 at 5). The insured, Chemicals, argues that the complaints in the MDL trigger the duty to defend because the policies do not require that the underlying complaints allege the specific dates of loss, only that the dates of loss *can* be determined. (Docket Entry No. 12 at 10). The insured has the better argument.

## II.   The Legal Standard for Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)). "If the moving party satisfies its burden to show no genuine dispute of material fact, the burden shifts to the nonmoving party to show that the motion should not be granted." *Stewart v. Richardson*, 2021 WL 1516474, at *1 (S.D. Tex. Apr. 15, 2021) (citing *Edwards v. Continental Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

## III.   Analysis

The insured bears the burden to establish that a claim is within the scope of coverage. *State Farm Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020). If the insured can do so, the burden then shifts to the insurer to show that a policy exclusion or limitation applies. *Id.* "Allegations are read liberally in favor of the insured." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008). To determine whether the duty to defend has been triggered, the court focuses on the alleged facts of the origin of the damages, not on the legal theories asserted in the underlying litigation. *Guar. Nat'l Ins. Co. v. Azrock Indus.*, 211 F.3d 239, 242–43 (5th Cir. 2000). The court can "draw inferences from the petition that may lead to a finding of coverage,"

*Gore Design*, 538 F.3d at 369 (quoting *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs.,* 252 S.W.3d 450, 456 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)).

Chemicals has shown that the claims in the underlying action are potentially within the policy's scope of coverage. To survive summary judgment under Texas law, Crum & Forster must show that dates of alleged damages cannot be determined or that the allegations are not within the scope of the policy. *See Allied Prop. & Cas. Ins. Co. v. Clean N Go, LLC*, 290 F. Supp. 3d 619, 623 (E.D. Tex. 2017) (citing cases); *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, 2012 WL 3866858, at *14 (S.D. Tex. Sept. 5, 2012) (Finding a duty to defend when the insurer "ha[d] not met its burden to establish as a matter of law that the property damage did not happen during the policy period.") Under the Texas default rule, the duty to defend is triggered when the dates of loss are not alleged but could be determined in future proceedings and could fall within the policy period. *See Lyda Swinerton Builders, Inc. v. Okla. Surety Co.*, 903 F.3d 435, 447 (5th Cir. 2018); *Indian Harbor*, 2012 WL at *14 ("Texas courts have held that a carrier is obligated to defend when the underlying petitions are silent about the time of the damage.") (citing *Gehan Homes, Ltd. v. Employers Mut. Cas. Co.,* 146 S.W.3d 833, 845–46 (Tex. App.-Dallas 2004, pet. denied)).

Crum & Forster contends that the plain language of the policy shows that the Texas default rule does not apply. An injury will be deemed to fall outside the policy "[i]f the date cannot be determined upon which such 'bodily injury' . . . first occurred or existed." (Docket Entry No. 10 at 3). In Texas, an ambiguity in an insurance policy must be construed in favor of the insured. *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 569 (5th Cir. 2010). Crum & Forster contends that the policy language is unambiguous. Because Crum & Forster did not unambiguously reserve the right to unilaterally determine whether a date of loss can be determined, the Texas default rule applies. The policy stated only that the date can "be

determined," not who must make the determination, or that it must be made with no evidence or opportunity to present it. *See Pendergest-Holt*, 600 F.3d at 571 ("[I]f an insurer 'wants the unilateral right to refuse a payment called for in the policy, the policy should clearly state that right.'") (internal citation omitted).

The facts alleged in the underlying complaints support the potential for coverage. The policy periods are between 2011 and 2019, (Docket Entry No. 10 at 2), and the underlying plaintiffs allege exposure and injury from work performed during these periods. (Docket Entry No. 12 at 5). The allegations support an inference that Chemicals may later present a basis to determine the dates the exposures or injuries first occurred or existed. The allegations do not show that the dates of loss "cannot be determined." As a result, the duty to defend is triggered. Crum & Forster's summary judgment motion, (Docket Entry No. 10), is denied; the cross-motion filed by Chemicals, (Docket Entry No. 12), is granted.

SIGNED on August 5, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge